**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4539**

───────────

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

MARLON CHRIS TAYLOR,

 Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, Senior District Judge. (2:10-cr-00192-JBF-TEM-1)

───────────

Submitted: November 22, 2011          Decided: December 7, 2011

───────────

Before KING, GREGORY, and DAVIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

David Charles Masselli, MASSELLI PC, Arlington, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Cameron M. Rountree, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlon Chris Taylor appeals from his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Taylor contends that the district court erred in failing to suppress certain statements he made concerning the firearm to ATF Task Force Officer Benjamin Newman as well as the firearm itself. He also contends that the district court improperly declined to instruct the jury on his proffered justification defense. For the reasons stated within, we affirm.

In May 2010, Taylor's former girlfriend (and next-door neighbor) reported to the Portsmouth, Virginia police that Taylor broke into her home and raped her. Police officers were dispatched to Taylor's residence. Upon their arrival, Taylor attempted to flee but was subdued in his backyard. Officers then entered his home to ensure that other individuals were not present. They did not report finding a firearm during this sweep. Officers then transported Taylor to the police station to be interviewed, where he was advised of his Miranda rights. Taylor invoked his right to counsel, whereupon the interview ceased. Subsequently, officers obtained arrest warrants for Taylor on numerous state charges, as well as a search warrant for his residence. The search warrant application did not refer to the prior sweep of the residence. In executing the search

2

warrant, the officers found the handgun that is the subject of this prosecution.

Taylor was held in state custody continuously pending trial on the state charges until November 2010, when those charges were nolle prossed in favor of federal prosecution. Immediately upon Taylor's release from state custody, Officer Newman arrested Taylor on the federal charge and transported him to the United States Marshals Service Office. While transporting him, Officer Newman advised Taylor of his Miranda rights and asked whether he would like to talk "about the situation without a lawyer present." Taylor stated he was willing to talk, and explained that he possessed the firearm in question only for a "few minutes" and only as a result of an argument with his former girlfriend. He stated further that she "had the firearm in her waistband and showed it" to him as they argued, but that she "wasn't pointing it at him or threatening him with it but she was just holding onto it." At some point in the argument, Taylor stated, he knocked the weapon from her hands and placed it atop a kitchen cabinet. He further advised Newman that he did not know how the firearm ended up at his residence.

By pretrial motion, Taylor sought to suppress the statements he made to Officer Newman as well as the firearm itself. Specifically, Taylor contended that (1) Officer Newman

3

did not advise him of his <u>Miranda</u> rights before questioning him, and (2) the firearm was improperly obtained during the warrantless sweep of his residence immediately following his arrest (rather than during the execution of the search warrant). After conducting a hearing at which several police officers and Taylor testified, the district court denied the motion. The district court credited the testimony of the officers, and found specifically that Officer Newman properly advised Taylor of his <u>Miranda</u> rights during Taylor's transfer into federal custody.

At trial, Taylor asked the court to instruct the jury on a justification defense. After hearing arguments, the court declined to give the instruction. The jury found Taylor guilty. Taylor now appeals.

Taylor, in a shift in theory on appeal, first contends that he timely and unambiguously invoked his <u>Miranda</u> right to counsel while in state custody, that there was no cognizable break in custody when he was released into federal custody to Officer Newman, and that he did not initiate communication with Newman. Thus, he contends, his statements to Newman should have been suppressed. <u>See</u> <u>Edwards v. Arizona</u>, 451 U.S. 477 (1981); <u>Maryland v. Shatzer</u>, 130 S. Ct. 1213 (2010). We agree with the government, however, that Taylor has waived this argument by failing to raise it as a distinct ground in support of his

4

motion to suppress.  See United States v. White, 584 F.3d 935 (10th Cir. 2009), cert. denied, 130 S. Ct. 1721 (2010):

> Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires that a party raise a motion to suppress before trial. A party who fails to do so "waives any Rule 12(b)(3) defense, objection, or request," although "[f]or good cause, the court may grant relief from the waiver." Fed.R.Crim.P. 12(e). This waiver rule applies not only when a defendant fails to file any pretrial motion to suppress, but also when a defendant fails to assert a particular argument in a pretrial suppression motion that he did file . . . . To avoid waiving a particular argument, the party must make "sufficiently definite, specific, detailed and nonconjectural factual allegations supporting his suppression claim" in his pretrial motion.

Id. at 948 (emphasis added; citations omitted); see also United States v. Lockett, 406 F.3d 207, 212 (3d Cir. 2005)("Therefore, in the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he or she seeks to rely upon in this Court."); United States v. Schwartz, 535 F.2d 160, 163 (2d Cir. 1976)("The Government very properly points out that the failure to assert a particular ground in a pre-trial suppression motion operates as a waiver of the right to challenge the subsequent admission of evidence on that ground."), cert. denied, 430 U.S. 906 (1977). We can discern no good cause for Taylor's failure to have raised this issue below; accordingly, we decline to consider it on appeal.

5

Taylor next challenges the district court's decision not to suppress the firearm found in his residence. We review the district court's findings of fact for clear error and its legal conclusions de novo. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006). Taylor's argument -- that the firearm was actually found during the sweep of his residence following his arrest, which he contends was illegal -- is not persuasive. Taylor offers no reason to upset the court's findings that the pre-warrant sweep of his residence was limited to ensuring that no one else was present, and that the firearm was found when officers were executing a search warrant that did not refer to the prior sweep.

Finally, Taylor contends that the district court erred in declining to give a justification instruction. "A district court commits reversible error in refusing to provide a proffered jury instruction only when the instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 1551 (2010). This court "review[s] the district court's decision to give or refuse to give a jury instruction for abuse

6

of discretion." Id. To be entitled to a required instruction, the party must establish a sufficient evidentiary foundation. United States v. Lewis, 53 F.3d 29, 33 n.8 (4th Cir. 1995).

The court did not err in declining to give the justification instruction. To be entitled to the instruction, Taylor was required to "produce evidence which would allow the factfinder to conclude" that, among other things, he was under an "unlawful and present threat of death or serious bodily injury," that he did not "recklessly place himself in a situation where he would be forced to engage in" the conduct, and that he "had no reasonable legal alternative." United States v. Ricks, 573 F.3d 198, 202 (4th Cir. 2009) (internal quotation marks omitted). The only evidence Taylor offered as a basis for the instruction, however, was his statement to Officer Newman that his former girlfriend had the firearm in her waistband, and that he did not feel threatened by her. As the district court cogently reasoned, such evidence, even if accepted by the jury, does not provide a sufficient foundation for the instruction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED